UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AUCTUS FUND, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ORIGINCLEAR, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 19-10273-FDS |

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR AN AMENDED ATTACHMENT ORDER AND TO COMPEL THE POSTING OF A BOND, RENEWED MOTION FOR SANCTIONS, AND MOTION FOR CLARIFICATION OF THE COURT'S MARCH 14, 2019 PRELIMINARY INJUNCTION

**SAYLOR, C.J.**

This order addresses Auctus's motions for an amended attachment order and to compel the posting of a bond, for sanctions and attorney's fees, and for clarification of the Court's March 14, 2019 preliminary injunction order.

**I.   Background**

On February 12, 2019, plaintiff Auctus Fund, LCC filed suit against OriginClear, Inc., alleging violations of federal and state securities laws arising from defendant's default on certain promissory notes.[1]

On February 22, 2019, Auctus filed an emergency motion to attach OriginClear's assets in the amount of $1,294,005.38. The Court terminated that motion on March 14, 2019, after entering a stipulated-to preliminary injunction for equitable relief and specific performance

---

[1] The relevant factual background is recited in the Court's February 21, 2023 memorandum and order on Auctus's motion to set aside settlement agreement and OriginClear's motion to strike.

compelling OriginClear to convert $570,000 of the outstanding debt owed to Auctus into OriginClear common stock, upon receipt of Auctus's conversion notices.

On November 6, 2020, OriginClear filed a motion to vacate the March 14, 2019 order on the ground that the notes and SPAs were void under Section 29(a) of the Exchange Act. The Court denied that motion at a hearing on December 3, 2020.

Auctus then renewed its motion for an attachment by trustee process, which the Court granted on December 17, 2020. In its Order, the Court found that:

> there is a reasonable likelihood that defendant OriginClear, Inc. owes plaintiff Auctus Fund, LLC, the remaining Minimum Settlement Value totaling $338,119.04 under the Settlement Agreement, . . . that plaintiff will likely recover a judgment equal to or greater than such amount, and that there is no evidence of liability insurance providing coverage to defendant for plaintiff's claims in this litigation.

(Dkt. No. 74). The Court issued a writ of attachment in the amount of $338,119.04 and a trustee summons to Wells Fargo Bank, N.A. OriginClear filed an emergency motion to certify the attachment order for interlocutory appeal, which the Court denied on December 21, 2020.

At a status conference on December 21, 2020, the parties discussed the possibility of OriginClear posting a bond to satisfy the attachment order. (Pl. Mem. Ex. F at 5-7). The parties exchanged multiple draft stipulations and e-mails concerning the bond, but ultimately failed to reach an agreement. (Pl. Mem. Exs. A, B).

On January 7, 2021, trustee Wells Fargo filed an answer attesting that it held no funds in the name of OriginClear.

Following a status conference on January 13, 2021, at which the parties were advised to continue conferring on the bond, Auctus and OriginClear exchanged additional draft stipulations. (Pl. Mem. Exs. C-E). Those discussions, however, proved unfruitful.

Auctus has now moved for an amended attachment order and to compel the posting of a

bond. If OriginClear fails to post the bond in a timely manner, Auctus seeks leave to conduct limited discovery regarding the custodians, locations, and amounts of OriginClear's assets. Auctus has also renewed its motion for sanctions under Fed. R. Civ. P. Rule 11 and for attorney's fees under 28 U.S.C. § 1927. Separately, Auctus has moved to clarify the Court's March 2019 preliminary injunction to allow the successor transfer agent of OriginClear to resume processing conversion notices without OriginClear's authorization.

## II.   Analysis

### A.   Motion to Amend the Attachment Order

The December 17, 2020 order issued a writ of attachment by trustee process to Wells Fargo Bank directing that OriginClear's assets be attached in the principal amount of $338,119.04. (Dkt. No. 74).

Auctus's proposed amended order would issue a revised writ of attachment in the amount of $388,878.06, reflecting the remaining minimum Settlement Agreement amount plus statutory interest through December 17, 2020. (Dkt. No. 96, Ex. 7).[2] The amended order would direct defendant to "cause a bond to be issued and posted in the amount of $388,878.06 . . . by a bonding agent acceptable to Plaintiff" one week from the entry of the order. (*Id.*). Should the bonding agent be downgraded below a Fitch Rating of AA-, the amended order would require defendant to notify plaintiff within two business days, and to cause a substitute bond to be issued within five business days by a bonding agent with an AA- rating or better who is "acceptable to the Plaintiff." (*Id.*). If defendant does not timely post the initial or substitute bond, the proposed order grants plaintiff leave to conduct asset discovery on an expedited basis, including a

---

[2] It appears that the parties miscalculated the remaining settlement value in the initial attachment order. They agree that this is the correct amount.

deposition of the CEO of OriginClear. (*Id.*).

Auctus has identified three issues as to which the parties could not agree during their negotiations: (1) whether the existing attachment order will be vacated upon the posting of a bond; (2) the deadline for the initial posting of the bond and for procuring a substitute bond in the event that the initial bonding agent is downgraded; and (3) whether the attachment order allows plaintiff to conduct asset discovery without a further court order in the event defendant fails to procure the bond. OriginClear also opposes the inclusion of the following rights and requirements: (1) that Auctus has the right to approve the bonding agent; (2) that the bond issuer maintain a Fitch Rating of AA- or better; (3) that OriginClear be required to obtain a substitute bond within three business days, should the issuer's rating fall below AA-; (4) that the initial bond be issued within five days of the entry of the Order; (5) that plaintiff be permitted to claim the bond upon entry of a final judgment; and (6) that the writ of attachment remain in effect after the filing of the bond.

Auctus's proposed order appears to be broader than necessary to accomplish the goal of reasonably protecting its interests in recovering the amount at issue. There is no compelling reason why Auctus should have the right to approve the bonding agent, or why the agent should be required to have and maintain a particular bond rating. OriginClear will be permitted two weeks, rather than five days, to post the bond; the attachment order will be vacated one week after the posting of the bond, unless the Court directs otherwise; and if OriginClear fails to post the bond within the required time, the attachment will remain in place and Auctus will be permitted to conduct asset discovery as appropriate.

### B. Motion for Sanctions and Attorney's Fees

Separately, Auctus has renewed its earlier requests for sanctions under Fed. R. Civ. P. 11, precluding OriginClear from filing further papers without prior approval of Auctus or the court,

and for reasonable attorneys' fees of $2,000 under 28 U.S.C. § 1927. It contends that OriginClear has multiplied the proceedings "unreasonably and vexatiously" during negotiations over the terms of the bond stipulation.

OriginClear contends that the request for sanctions under Rule 11 is inappropriate because statements made during negotiations do not qualify as "representations to the Court" under Rule 11. (Def. Opp'n at 6). OriginClear further notes that plaintiff failed to file the motion for sanctions "separately from any other motion" as required by Fed. R. Civ. P. Rule 11(c)(2). (*Id.* at 6-7). Finally, according to OriginClear, sanctions are unavailable under § 1927 because its conduct in negotiating the stipulation was in good faith and did not rise to the level of being "vexatious." (*Id.* at 4-6).

There is considerable doubt as to whether the behavior of OriginClear during negotiations over the bond is sanctionable, or that they warrant the award of attorney's fees; among other things, OriginClear had no obligation to agree to the issuance of a bond. And it is very doubtful whether Rule 11 sanctions can be imposed for conduct during settlement negotiations, which do not involve representations to the court. Finally, it does not appear that Auctus complied with the "safe harbor" requirement under Rule 11(c)(2), which requires that a motion for sanctions be served upon the offending party, and that they be given 21 days to correct the offense.

Under the circumstances, the motion for sanctions will be denied.

### C. Motion to Clarify the Preliminary Injunction

Finally, Auctus has moved to amend the March 14, 2019 preliminary injunction order to clarify the obligations of ClearTrust, LLC, defendant's successor transfer agent. OriginClear has not filed an opposition.

The March 2019 injunction ordered OriginClear to convert $570,000 of the outstanding

debt into shares of its common stock. (Dkt. No. 17 at 1-2). It granted Auctus discretion to determine the pricing, amount, and timing of the conversions by submitting written notices of conversion to OriginClear and/or its transfer agent. Auctus was permitted to then sell the converted shares of stock for a period of up to 180 days, subject to certain daily trading limits.

> The preliminary injunction imposed the following obligations on OriginClear:
>
> the Defendant will take all necessary and appropriate steps to cause [its transfer agent and/or successors] to execute and implement this Preliminary Injunction, including but not limited to the delivery, by no later than the close of business on Thursday, March 14, 2019, of an Irrevocable Letter of Instruction and/or any other instruments, opinions, forms, fees due and owing, documents and/or other matters as may be reasonably required by [its transfer agent], and/or by the Plaintiff.

(Docket No. 17 at 3). The injunction also imposed the following obligations on the transfer agent of OriginClear:

> [Defendant's transfer agent,] upon actual notice by personal service or otherwise of this Preliminary Injunction and upon receipt of the Plaintiff's written Notice(s) of Conversion, shall convert, and cause, permit, cooperate and facilitate the conversion of the Conversion Amount, as the debt held by Auctus, into publicly tradeable shares of OCLN common stock.

(*Id.* at 3).

According to Auctus, OriginClear has not complied with its obligations under the preliminary injunction. On February 5, 2021, ClearTrust declined to process a conversion notice in the amount of $63,565.13 submitted pursuant to the settlement agreement. (Dkt. No. 110 ("Giordano Aff.") Ex. B at 2, 5). ClearTrust declined to fulfill the request because it had not received an irrevocable letter of instruction from OriginClear and was not otherwise authorized to complete the transaction, and because it had received an opinion letter from one of OriginClear's lawyers "raising compliance concerns" about the request. (Giordano Aff. Exs. C, E). In e-mails exchanged with Auctus, ClearTrust contended that it was ambiguous whether the preliminary injunction required it to process conversion requests without first receiving a letter

of irrevocable instruction from OriginClear.  (Giordano Aff. Ex. G).  ClearTrust wrote that it would "remain neutral in the dispute between OriginClear and Auctus until such time as the Court—or the parties—clarify the meaning of the Order . . . ."  (*Id.*).

Auctus asserts that while the preliminary injunction "is sufficiently clear on its face as to the Successor Transfer Agent's obligations, [it] has cooperated with [ClearTrust] to seek to resolve ClearTrust's concerns without need for a contempt action."  (Pl. Mem. at 7).  ClearTrust has assented to the clarification order and has represented that it would comply with the requirement to process conversion notices upon adoption of Auctus's proposed language.  (Giordano Aff. Ex. J).

Plaintiff's proposed clarification adds the following language to the preliminary injunction:

> ClearTrust, LLC, and/or its successor (collectively hereinafter the "Transfer Agent") is hereby Ordered to comply with this provision of the preliminary injunction, as amended, independently of whether the Defendant has complied with the preliminary injunction, including but not limited to [OriginClear]'s obligation to issue an Irrevocable Letter of Instruction to the Transfer Agent, or whether the Defendant otherwise obstructs or fails to cooperate with compliance with the provisions of this Order.

(Docket No. 108, Ex. 1 at 2).  The clarification would explicitly allow the transfer agent to process plaintiff's conversion notices regardless of defendant's fulfillment of its obligations under the order, including its obligation to issue an irrevocable letter of instruction.

Although the request is arguably for a modified, not merely "clarified," injunction, under the circumstances it appears to be appropriate and indeed OriginClear has not opposed it.  Accordingly, the Court will grant the requested relief.

### III.  Conclusion

For the foregoing reasons,

   1.   plaintiff's motion for an amended attachment order and to compel the

       posting of a bond is GRANTED in part and DENIED in part;

2.     plaintiff's renewed motion for sanctions and attorney's fees is DENIED; and

3.     plaintiff's motion to clarify the court's March 14, 2019 preliminary injunction order is GRANTED.

**So Ordered.**

Dated: March 16, 2023

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court